IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, § | | |
| TDCJ-CID #1300468, § | | |
| v. § | | CASE NO. 2:12-cv-100 |
| § | | |
| RICK THALER, ET AL. § | | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Texas state prisoner Barry Dwayne Minnfee[1] has filed on a preprinted form, intended for filing § 2254 habeas corpus petitions, a pleading in which he alleges claims of "Breach of Contract, Antitrust Civil Process Act 2." (D.E. 1). Minnfee contends that his medical records were used improperly to prosecute him, and he seeks damages for malicious prosecution. Id. at 7. For the reasons stated herein, Minnfee's action is dismissed without prejudice pursuant to a Fifth Circuit sanction and preclusion order.

**I.  Background.**

On May 2, 2005, plaintiff was convicted of robbery with bodily injury and sentenced to life imprisonment.

Since his conviction, Minnfee has filed over eighty (80) unsuccessful habeas and civil rights lawsuits in at least four states, and he has been barred from proceeding i.f.p. under the three strikes provision of 28 U.S.C. § 1915(g).[2]

---

[1]  Plaintiff's last name has been spelled "Minnafee" and "Minnifee" in other court proceedings.

[2]  See http://156.124.4.123/ThreeStrikes/m3.htm, for a list of Minnfee's cases that have been struck as frivolous or for failure to state a claim.

Because Minnfee continued to file frivolous, unauthorized successive, and malicious lawsuits, on June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against him in <u>Minnfee v. Quarterman</u>, No. 07-50446 (5th Cir. 2007).  In the order, the Fifth Circuit imposed a $100.00 monetary sanction against Minnfee for his continued abusive litigation tactics, and ordered as follows:

> The Clerks of all Federal District Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction.  Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the Courts of this Circuit.

<u>Id.</u>

Minnfee does not contend that the $100.00 sanction has been paid, and a review of the Fifth Circuit docket for this case reveals that the sanction fee remains due.[3]

**II.      Analysis.**

In the instant lawsuit, Minnfee characterizes his complaint as one seeking habeas corpus relief, but within the body of the pleadings, Minnfee alleges that his constitutional rights have been violated and that he is entitled to damages.  Regardless of whether Minnfee is seeking habeas corpus relief or is attempting to bring a civil rights action, his filing must be dismissed because Minnfee is barred from filing a habeas corpus petition

---

[3] The docket and orders can be viewed at http://coa.circ5.dcn/Viewcase.aspx,

or civil rights complaint, even if he could pay the filing fee, because, as discussed above, he is subject to the outstanding sanctions that have not been satisfied.

Moreover, there is no allegation in Minnfee's pleadings that would suggest he is under imminent danger of serious physical harm to warrant consideration pursuant to the three strikes exception of 28 U.S.C. §1915(g).[4]

Further, there is no indication that Minnfee is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions. See Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam) cert. denied, 526 U.S. 1157 (1999) (a district court may enforce the sanction order of another district court).

Finally, the Court notes that on May 3, 2011, plaintiff attempted to file a similar lawsuit in the United States District Court for the Southern District of Texas, Houston Division, Case No. 2:11cv1685. On May 13, 2011, Judge Gilmore dismissed that action pursuant to the Fifth Circuit's sanction and preclusion order. Id. at D.E. 6, 7. Again on May 23, 2011, Minnfee attempted to file with this Court an action against the FBI arguing that his civil rights were violated, but also challenging his conviction. See Case No. 2:11cv168. On June 1, 2011, Judge Jack dismissed that action pursuant to the Fifth Circuit's sanction and preclusion order. Id. at D.E. 6.

---

[4] The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. See e.g. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

**III.     Conclusion.**

For the foregoing reasons, this case is **DISMISSED** without prejudice pursuant to the sanction and preclusion order issued by the Fifth Circuit Court of Appeals on June 6, 2007.  Any and all pending motions are denied as moot.

To the extent this action raises habeas corpus claims, there are no issues to support a certificate of appealability (COA).  The showing necessary for a COA is a substantial showing of the denial of a constitutional right.  Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000) (citing Slack v. McDaniel, 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  See Clark v. Johnson, 202 F.2d 760, 763 (5th Cir. 2000).  Minnfee has not made the necessary showing.  Accordingly, a COA is denied.

**ORDERED** this 10th day of April, 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**